T.C. Summary Opinion 2010-141


UNITED STATES TAX COURT


MARIA ELENA TOWELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8002-09S.              Filed September 21, 2010.


Maria Elena Towell, pro se.

Mark J. Tober, for respondent.


WELLS, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All amounts are rounded to the nearest dollar.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $1,995. The issues that remain for decision are: (1) Whether petitioner is entitled to a deduction pursuant to section 170(a)(1) for a claimed $423 cash charitable contribution; and (2) whether petitioner is entitled to a deduction pursuant to section 170(a)(1) for a claimed $12,900 noncash charitable contribution.

## Background

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.

At the time the petition was filed, petitioner resided in Florida.

Petitioner purchased a timeshare interest (timeshare) for $12,396 from Westgate Miami Beach, Ltd. (Westgate), on May 20, 2001.[2] Petitioner executed a mortgage agreement with Westgate for the purchase of her timeshare. On October 12, 2004,

---

[2]A timeshare interest represents an individual's interest in a jointly owned or rented property (such as a vacation condominium) which is shared by several persons who take turns occupying the property. Black's Law Dictionary 1492 (7th ed. 1999).

petitioner made full payment and satisfaction of the mortgage with Westgate.

During 2006, petitioner donated her timeshare to Tracets Foundation (Tracets).  Tracets, which claims to be a section 501(c)(3) foundation,[3] is dedicated to preserving lakes and streams for future generations.  Tracets "partnered" with Wholesale Timeshare Services and eMidsouth, Inc., to coordinate the transfer of the timeshare from petitioner.

On November 30, 2006, petitioner signed a general warranty deed transferring ownership of her timeshare to eMidsouth, Inc. Petitioner did not have an appraisal of the value of the timeshare made when it was transferred.  Petitioner attached Form 8283, Noncash Charitable Contributions, to her return for tax year 2006.  On Form 8283, in the section for donated property of $5,000 or less, petitioner listed the donation of her timeshare

---

[3]Respondent does not challenge whether Tracets meets the definition of an organization to which a contribution is eligible for a charitable deduction.  Sec. 170(c).  Accordingly, we deem that issue conceded.

Because of respondent's concession, an estimate of the allowable deduction could be made.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court has not definitively decided whether Cohan is available to estimate charitable contributions.  See Kendrix v. Commissioner, T.C. Memo. 2006-9 (finding that the Court has not yet squarely addressed the inherent conflict between sec. 170(a)(1) and the application of Cohan to unverified or inadequately substantiated charitable contributions).  However, because petitioner presented no evidence on the value of the timeshare, there is no basis on which to estimate an allowable amount.

to Tracets, stated that it had a fair market value of $12,900, and stated that an appraisal was used to determine the fair market value.

## Discussion

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to the deductions claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[4]

Section 170(a)(1) provides:  "There shall be allowed as a deduction any charitable contribution * * * payment of which is made within the taxable year.  A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."  Generally, contributions of money (cash, check, or other monetary gift), can be substantiated by either a canceled check, a receipt, or other reliable written records.[5]  Sec. 1.170A-13(a)(1), Income Tax Regs.  Additionally,

---

[4]Petitioner has not raised any issue regarding sec. 7491(a); and because she has failed to substantiate her claims or introduce credible evidence for any of the issues, sec. 7491(a) does not apply.  See sec. 7491(a)(1) and (2)(A).

[5]For contributions of money in any amount made during tax years beginning after Aug. 17, 2006, taxpayers are required to maintain a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution.  Sec. 170(f)(17).  There is no de minimis exception to the recordkeeping requirement.  Sec. 170(f)(17); see also sec.

(continued...)

for contributions of $250 or more, deductions are not allowed

unless the taxpayer substantiates the contribution by a

contemporaneous written acknowledgment by the donee

organization.[6]  Sec. 170(f)(8)(A).  The written acknowledgment

must include:

> (i) the amount of cash and a description (but not value) of any property other than cash contributed.

> (ii) whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

> (iii) a description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

Sec. 170(f)(8)(B).  To be considered contemporaneous, the written

acknowledgment must be obtained by the taxpayer before the

earlier of the due date of the return, including extensions, or

the filing of the return.  Sec. 170(f)(8)(C).

Petitioner failed to give testimony or offer documentary

evidence regarding her cash contribution.  Accordingly, we

---

[5](...continued)
1.170A-15(a), Proposed Income Tax Regs., 73 Fed. Reg. 45908, 45914 (Aug. 7, 2008).  However, this section does not apply because petitioner's tax year began on Jan. 1, 2006.

[6]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more.  See sec. 1.170A-13(f)(1), Income Tax Regs.

sustain respondent's denial of petitioner's claimed deduction for a cash charitable contribution of $423.

Charitable contributions greater than $500 are subject to heightened substantiation requirements. Sec. 170(f)(11)(A)(i). For noncash contributions greater than $5,000, a deduction is allowed if a taxpayer: "obtains a qualified appraisal of such property and attaches to the return for the taxable year in which such contribution is made such information regarding such property and such appraisal as the Secretary may require." Sec. 170(f)(11)(C). Section 170(f)(11) was added to the Code pursuant to the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 883, 118 Stat. 1631, to codify the substantiation requirements previously addressed in the regulations and applies to contributions made after June 3, 2004. Smith v. Commissioner, T.C. Memo. 2007-368, affd. 364 Fed. Appx. 317 (9th Cir. 2009). A qualified appraisal is conducted by a qualified appraiser in accordance with generally acceptable appraisal standards and is treated as a qualified appraisal under the regulations and other guidance provided by the Secretary.[7] Sec. 170(f)(11)(E).

---

[7]Sec. 170(f)(11)(E) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 1219(c)(1), 120 Stat. 1085. As amended, sec. 170(f)(11)(E) codifies the definition of qualified appraisals and appraisers and is effective generally for appraisals prepared with respect to returns or submissions filed after Aug. 17, 2006. Id. sec. 1219(e). As petitioner's return was filed after Aug. 17, 2006, the amended sec. 170(f)(11)(E) applies.

However, a deduction will not be denied if the failure to meet the requirements of section 170(f)(11)(A)(i) is due to reasonable cause and not willful neglect. Sec. 170(f)(11)(A)(ii)(II).

Petitioner failed to provide evidence of any appraisal of her timeshare. Petitioner testified that she never received an appraisal from Westgate upon the purchase of her timeshare in 2001. Regulations issued before the addition of section 170(f)(11) required the qualified appraisal to be made not earlier than 60 days before the date of contribution and before the due date of the original return, plus extensions, on which the contribution is first claimed, or in the case of an amended return, the filing date. Sec. 1.170A-13(c)(3)(i)(A), Income Tax Regs. On October 19, 2006, the Internal Revenue Service issued transitional guidance to provide a safe harbor for taxpayers in conjunction with new section 170(f)(11)(E). Notice 2006-96, 2006-2 C.B. 902. The transitional guidance provides that the requirements of section 1.170A-13(c), Income Tax Regs., that are consistent with section 170(f)(11) still apply, including the time limits. Id. Regardless of whether she received an appraisal from Westgate in 2001, petitioner never obtained a qualified appraisal of her timeshare in conjunction with her 2006 contribution to Tracets. See sec. 170(f)(11)(C). Moreover, petitioner did not offer any reason for her failure to obtain a qualified appraisal; therefore, petitioner has not proved that

her failure to meet the requirements of section 170(f)(11) was due to reasonable cause and not willful neglect.  Accordingly, we sustain respondent's denial of petitioner's claimed deduction for a noncash charitable contribution of $12,900.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we conclude they are without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.